In the Matter of HARRY A. AUERBACH, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.

Second Department, September 8, 1969.

*Harold A. Cannold* for petitioner.

*Mark A. Landsman* for respondent.

*Per Curiam.* In this proceeding to discipline an attorney admitted to practice by this court on November 1, 1944, petitioner moves for an order accepting the resignation of respondent Harry A. Auerbach as an attorney and striking his name from the roll of attorneys of the State of New York.

The charges set forth in the petition commencing this proceeding arose out of nine separate complaints filed with the Brooklyn Bar Association. A tenth supplemental charge was subsequently added.

The first complaint charged that respondent, in connection with the sale of the complainant's residence, had the complainant indorse all checks which were made to her as payee; that the respondent retained those checks and, in their place, gave the complainant his personal checks for a lesser amount after deducting the purchase price and '' the other disbursements '' on property she was purchasing; that these personal checks, one for $2,000 and the other for $225.06 were returned '' unpaid ''; that respondent failed to send the complainant a closing statement; and that an additional sum of $2,000 was not accounted for by respondent.

The second complaint against respondent charged that in connection with a real estate closing, respondent gave the complainant his check for $589; that this check was twice returned

for insufficient funds, and that the respondent has failed to make payment despite numerous promises to do so.

In his answer respondent admitted that the three checks mentioned in the first and second complaints were returned for insufficient funds, but alleges that eventually both complainants were paid in full.

The third complaint charged that respondent was holding the sum of $750 in escrow pursuant to a contract dated March 28, 1966; that respondent refused to release this money despite demands by the complainant and his attorney; that respondent had failed to reply to letters dealing with this matter; that on November 29, 1967, the complainant obtained a judgment for $302.90 to be paid out of the escrow money; and that respondent had failed to release any part of the escrow fund.

In his answer respondent stated that he is not holding any escrow in this case.

The fourth complaint charged that respondent acted as attorney for the complainant in the purchase of a two-family house; that, pursuant to respondent's instructions, the complainant gave him $10,000 to pay cash for the house; that closing of title occurred on December 17, 1966; that respondent did not pay the seller in cash but instead has been making mortgage payments to the seller every month; and that the seller has threatened foreclosure action because of defaults in these mortgage payments.

In his answer respondent stated, with respect to this complaint, filed June 11, 1968, that an action was commenced by the complainant against the seller of the house, which was settled in October, 1968, and all the money received by him has been accounted for.

The fifth complaint charged that in 1960 or 1961, respondent was given an unspecified sum of money to pay off the mortgage; that as late as 1967, the complainant believed the mortgage had been paid; and that this mortgage had not been paid.

In his answer respondent stated that there is an action pending between the parties with respect to this claim, in which respondent has a substantial counterclaim.

The sixth complaint charged that on May 22, 1967, the complainant gave respondent, his attorney, a check for $4,350 to be held in escrow for the purchase of a house; that this transaction was never completed; that respondent issued his personal check for the afore-mentioned sum to the complainant; and that this check was returned unpaid.

At the hearing held on May 27, 1969 it was stipulated that respondent received and deposited this $4,350 check on May

22, 1967 in an already overdrawn account, which account remained substantially overdrawn for at least two months, during which period respondent gave complainant a check, which was returned for insufficient funds; that after the filing of a complaint with petitioner, complainant withdrew his complaint after respondent made restitution.

The seventh complaint alleged that the respondent acted as attorney for a builder against whose property mechanics' liens were filed; that respondent persuaded the complainant, an attorney, to execute a release of these liens upon payment by respondent of $1,125 and $805; and that respondent's checks were returned unpaid with the notation "Account Attached."

In his answer respondent alleges, and petitioner admits, that the complaint was withdrawn by complainant after respondent made full restitution.

The eighth complaint charged that respondent, acting as attorney for a seller, and the complainant, an attorney representing the purchaser, entered into a written escrow agreement dated July 28, 1967; that pursuant to this agreement, respondent promised to hold $2,000 in escrow to insure the cancellation or satisfaction of a *lis pendens*; and that as late as November 6, 1967 the *lis pendens* remained of record.

In his answer respondent alleges, and petitioner admits, that the complaint was withdrawn after the escrow matter was resolved to complainant's satisfaction.

The ninth complaint, made by an attorney, charged that respondent caused a check in payment of a mortgage to be drawn to his order, as attorney; that a check, dated August 1, 1968, was finally sent to the mortgagees by respondent after numerous demands; and that respondent's check was returned by his bank for insufficient funds.

At the hearing held on May 27, 1969 it was stipulated that the facts in the charge were true and that petitioner was notified, after the filing of a complaint against respondent on September 10, 1968, that a certified check from respondent in full restitution had been received by the complainant on October 3, 1968.

By supplemental petition, the following additional (10th) charge was set forth: that respondent pursuant to a contract of sale dated November 7, 1968 (after the commencement of this proceeding on October 29, 1968), was holding $1,500 in escrow; that this sum was to be paid by the complainant at closing of title; that upon the closing on January 24, 1969, the respondent gave the complainant his personal check for $1,500; that this check was twice deposited by the complainant and

twice returned unpaid. It was further charged that at the closing, the respondent held in escrow a check in the amount of $2,000 which was to be given to the complainant when the premises involved were vacated on January 30, 1969 and that the complainant moved from the premises but respondent failed to make payment of the $2,000 despite demands therefor.

At the hearing held on May 27, 1969 it was stipulated that the foregoing facts were true and that continuously from November 8, 1968 to January 31, 1969 respondent's bank balance was insufficient to return the escrow funds to complainant, respondent having used the moneys for his personal expenses. Respondent claims to have repaid the $3,500 to complainant after she filed a complaint on March 11, 1969.

At a hearing held on June 24, 1969, respondent submitted his letter of resignation as an attorney and counselor at law and requested a period of three months to wind up his affairs. Mr. Justice FEIDEN advised respondent that the length of any such period was a matter solely for the Appellate Division.

The admissions in the answer with respect to charges 1, 2, 7 and 8 and respondent's admissions at the hearing with respect to charges 6, 9 and 10 warrant disbarment. In view of respondent's resignation, however, this motion to accept said resignation should be granted, respondent's resignation should be accepted and his name ordered removed from the roll of attorneys and counselors at law effective today, September 8, 1969.

BELDOCK, P. J., CHRIST, BRENNAN, RABIN and HOPKINS, JJ., concur.

Application granted, respondent's resignation accepted, and his name is ordered removed from the roll of attorneys and counselors at law, effective today, September 8, 1969.